IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>10 S. Howard Street<br>Third Floor<br>Baltimore, MD 21201<br><br>Plaintiff,<br><br>v.<br><br>TBC CORPORATION, INC.<br>7111 Fairway Drive, Suite 201<br>Palm Beach Gardens, FL 33418<br><br>AND<br><br>TIRE KINGDOM, INC d/b/a<br>NATIONAL TIRE AND BATTERY ("NTB")<br>823 Donald Ross Road<br>Juno Beach, FL 33408<br><br>Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>**COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action instituted by the U.S. Equal Employment Opportunity Commission ("The Commission") to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (1964) et seq. ("Title VII"). The Commission alleges that Defendants TBC Corporation, Inc. and Tire Kingdom, Inc. d/b/a National Tire and Battery ("Defendants") terminated Anthony Estreet in retaliation for his complaints of discrimination. As a result of this retaliatory treatment, Estreet suffered monetary damages as well as emotional distress.

- 2 -

## JURISDICTION AND VENUE

1. The Commission invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a (1991).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII; it is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), as amended.

4. At all relevant times Defendants TBC Corporation, Inc., a Florida corporation with its principal place of business at 7111 Fairway Drive, Suite 201, Palm Beach Gardens, FL 33418; and Tire Kingdom, Inc. d/b/a National Tire and Battery, a Florida corporation with its principal place of business at 823 Donald Ross Road, Juno Beach, FL 33408 have continuously been doing business in the State of Maryland and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h), as amended.

6. At all relevant times, Defendants TBC Corporation, Inc. and Tire Kingdom, Inc. have operated as a single employer—joint employer/integrated enterprise—within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e(b), and in this regard have maintained interrelated operations; common management, directors and boards; centralized control of labor relations and personnel; common ownership; and common financial control.

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit Estreet filed a charge with the Commission alleging that Defendants violated Title VII. All conditions precedent to this lawsuit have been fulfilled.

8. Since at least March 2007, Defendants engaged in unlawful employment practices in their Columbia, Maryland facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by terminating Estreet in retaliation for his opposition to practices made unlawful by Title VII.

9. The effects of the practices complained of in paragraph 8 have been to deprive Estreet of equal employment opportunities and otherwise adversely affect his status as an employee.

10. The unlawful employment practices complained of in paragraph 8 were intentional.

11. The unlawful employment practices complained of in paragraph 8 were done with malice or with reckless indifference to Estreet's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them from retaliating against any person for opposing practices made unlawful by Title VII or participating in an investigation related to Title VII.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to institute and carry out anti-discrimination and anti-retaliation policies and complaint procedures.

D. Order Defendants to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of their policies against discrimination, harassment, and retaliation.

E. Order Defendants to institute and carry out training programs which shall promote employee and supervisor accountability, imposing on all personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination. The training shall instruct all employees to report any incidents and/or complaints of unfair discrimination, harassment, or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendants to post equal employment opportunity notices in conspicuous locations at all of their facilities.

G. Order Defendants to make Estreet whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

H. Order Defendants to make Estreet whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8, in amounts to be determined at trial.

I. Order Defendants to make Estreet whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8, including emotional pain, suffering, depression, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary, proper, and in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in its complaint.

Respectfully Submitted:

RONALD COOPER
General Counsel
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C. 20507

JACQUELINE H. MCNAIR
Regional Attorney

DEBRA LAWRENCE (Fed. Bar # 04312)
Supervisory Trial Attorney

_____
JOHN ALVIN HENDERSON (Fed. Bar # 28419)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, Third Floor
Baltimore, MD 21201
(410) 209-2246
(410) 962-4270 (FAX)
John.henderson@eeoc.gov (E-MAIL)